**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ANTHONY J. PALUMBO, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 20-2172-KHV |
| | ) | |
| **NEW DIRECTION IRA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On February 20, 2019, husband and wife, Anthony J. Palumbo and Phyllis Palumbo, brought suit against New Direction IRA, Inc. ("New Direction") in the United States District Court for the Northern District of New York. On May 3, 2019, New Direction moved to dismiss the complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and/or 12(b)(6), or in the alternative to transfer the case to the District of Kansas (Doc. #11). On March 27, 2020, without addressing the motion to dismiss, the Northern District of New York granted New Direction's request to transfer the case to the District of Kansas. See Memorandum - Decision And Order (Doc. #21). This matter comes before the Court on defendant's Motion To Dismiss For Failure To State A Cause Of Action (Doc. #35) filed August 7, 2020, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court overrules defendant's motion.

**Legal Standard**

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss,

a complaint must contain sufficient factual matter to state a claim which is plausible—not merely conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.  The Court need not accept as true those allegations which state only legal conclusions. See id.

Plaintiffs bear the burden of framing their claim with enough factual matter to suggest that they are entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. Plaintiffs make a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the alleged misconduct. Iqbal, 556 U.S. at 678. Plaintiffs must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent with" defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged—but has not "shown"—that the pleader is entitled to relief. Id. at 679.  The degree of specificity necessary to establish plausibility and fair notice depends on context because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

When ruling on a Rule 12(b)(6) motion, the Court does not analyze potential evidence that the parties might produce or resolve factual disputes. Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002). The Court accepts well-pleaded allegations as true and views them in the light most favorable to the non-moving party. Sutton v. Utah State Sch. For Deaf & Blind, 173

F.3d 1226, 1236 (10th Cir. 1999).

## Factual And Procedural Background

Plaintiffs' complaint alleges as follows:

Plaintiffs sought to invest their Individual Retirement Accounts ("IRAs") in "secure, safe investments . . . to support themselves during their retirement years." Complaint (Doc. #1), ¶¶ 11, 15. Plaintiffs met Robert Guess and Richard Tilford, who owned Texas First Financial. Guess and Tilford informed plaintiffs that they had an investment opportunity through an entity called "Credit Nation," through which plaintiffs could invest their IRAs and receive so-called "guaranteed" promissory notes. Id., ¶¶ 15–16. Guess and Tilford told plaintiffs that to do so, they would first have to transfer their funds to a company that handled self-directed IRAs, and they recommended that plaintiffs contact New Direction. Id., ¶¶ 18–19.

Plaintiffs ultimately transferred $1,000,000 to New Direction, which acted as plaintiffs' legal custodian of the IRAs in which plaintiffs were investors. Id., ¶¶ 22–26. In so doing, plaintiffs signed various New Direction contract documents without fully understanding their nature. Id., ¶¶ 21–22. Nonetheless, pursuant to the signed documents, plaintiffs received promissory notes in the amount of $1,000,000 payable within ten years and at an interest of nine per cent per annum. Id., ¶ 25. Credit Nation served as the obligor of these notes. Id. In accordance with federal law, New Direction as legal custodian had to comply with certain minimum standards and owed various fiduciary duties regarding plaintiffs and their property. Id., ¶ 27.

Unbeknownst to plaintiffs, Guess, Tilford and Texas First Financial "were not licensed or authorized to be security dealers or financial advisors concerning the sale of securities," including the promissory notes. Id., ¶ 30. As a result of governmental investigations, plaintiffs later learned that "the investments were made in life insurance policies, allegedly purchased by Credit Nation,

which . . . were improper investments for an IRA account." Id., ¶ 37. Plaintiffs received more than $300,000 as a result of the resulting criminal action. Id., ¶¶ 36, 42. New Direction knew or should have known that these investments were improper because it had received a significant number of transfers from Guess, Tilford and Texas First Financial for investments in securities that Credit Nation issued. Id., ¶ 34. New Direction never warned plaintiffs about the investments' inappropriateness, however, or the criminal actions pending against Guess, Tilford and Texas First Financial. Id., ¶¶ 38–39.

On February 20, 2019, plaintiffs filed their complaint against New Direction in the Northern District of New York, alleging fraud, misrepresentation, breach of fiduciary duties, gross negligence and violation of federal law, rules and regulations. See id. On May 3, 2019, New Direction moved to dismiss the complaint in its entirety pursuant to F.R.C.P. 12(b)(2), 12(b)(3) and/or 12(b)(6), arguing that New York could not assert personal jurisdiction over it, that the Northern District of New York was an improper venue and that in any event plaintiffs' complaint did not state a claim upon which relief could be granted. See Motion To Dismiss (Doc. #11). On March 27, 2020, the Northern District found that New Direction's standard custodial agreement governed plaintiffs' claims and transferred the matter to this Court under the forum selection clause in the custodial agreement. Memorandum - Decision And Order (Doc. #21) at 12, 17. The Northern District declined to pass judgment on the remaining contentions in New Direction's motion to dismiss. Id. at 17.

New Direction now moves this Court to dismiss plaintiffs' complaint in its entirety for failure to state a claim. See Motion To Dismiss For Failure To State A Claim (Doc. #35).

## Analysis

In their complaint, plaintiffs allege fraud, breach of contract, breach of fiduciary duties and negligence and gross negligence. Defendant generally argues that plaintiffs' claims all fail as a

-4-

matter of law because New Direction's contract documents specifically released New Direction from all of the duties that plaintiffs now seek to enforce. See <u>Memorandum In Support Of Motion To Dismiss</u> (Doc. #36).

In plaintiffs' complaint, plaintiffs referenced the contract documents that plaintiffs signed with New Direction but did not attach them as exhibits. <u>Complaint</u> (Doc. #1), ¶¶ 20–25. In its initial motion to dismiss, New Direction included copies of the alleged contract documents that bore a purported signature of Mr. Palumbo. See <u>Application</u> (Doc. #11-6); <u>Custodial Agreement</u> (Doc. #11-7); <u>Buy Direction Letter</u> (Doc. #11-10). When filing its motion to dismiss with this Court, New Direction relied on the same contract documents. <u>Compare</u> <u>Motion To Dismiss</u> (Doc. #11) <u>with</u> <u>Memorandum In Support Of Motion To Dismiss</u> (Doc. #36). In response, plaintiffs claim that "the signatures on the documents on which Defendant now relies are forgeries, and not affixed to the documents [received] by Plaintiff [from New Direction] at any time." <u>Memorandum In Opposition Of Defendant's Motion To Dismiss</u> (Doc. #37) at 9.

New Direction argues that the law of the case doctrine bars plaintiffs' forgery assertion. Specifically, it argues that when the Northern District enforced the forum selection clause of the standard custodial agreement, it implicitly "determined the authenticity of the underlying contract documents between the parties." <u>Reply Memorandum In Further Support Of Motion To Dismiss</u> (Doc. #40) at 5–8. The law of the case doctrine does not apply because the Northern District did not actually determine the authenticity of New Direction's contract documents; it merely enforced the forum selection clause in the context of New Direction's request to transfer based on a record which was not then in dispute. See <u>Memorandum - Decision And Order</u> (Doc. #21) at 12, 17. Further, it explicitly declined to pass judgment on the motion to dismiss, so this Court must consider it anew.

On a motion to dismiss, the Court cannot legally consider extrinsic evidence outside of the complaint, particularly in light of plaintiffs' forgery allegation.[1]  See, e.g., Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002) (court only may consider documents referred to in complaint for 12(b)(6) motion to dismiss if parties do not dispute authenticity of documents). Accordingly, the contract documents that New Direction attached to its motion to dismiss are not properly before the Court, and the Court disregards them.

New Direction also argues that plaintiffs' fraud and negligence claims are time barred because (1) the statute of limitations for fraud in Kansas is two years from when the fraud is discovered and (2) the statute of limitations for a negligence claim in Kansas is two years from the date of injury from the alleged breach of duty.  See Kan. Stat. Ann. §§ 60-513(a)(2)–(3).  New Direction asserts that plaintiffs discovered the alleged fraud and sustained injury from the breach of duty by 2016, when Credit Nation went into receivership.  Memorandum In Support Of Motion To Dismiss (Doc. #36) at 19.  In support of this date, New Direction cites an affidavit from William Humphrey, the CEO and Co-Founder of New Direction.  Declaration Of William Humphrey In Support Of Motion To Dismiss (Doc. #36-1), ¶ 23.  As explained above, on a motion to dismiss, the Court considers only the well-pleaded factual allegations of the complaint, not extrinsic evidence.  See Jacobsen, 287 F.3d at 941.  Accordingly, the Court does not consider the Humphrey affidavit and overrules New Direction's statute of limitations arguments.

Because the Court only considers the well-pleaded factual allegations of the complaint and

---

[1] The Court agrees with New Direction that it is curious plaintiffs did not raise the forgery allegation until after the case was transferred.  Compare Memorandum In Opposition Of Defendant's Motion To Dismiss (Doc. #17) with Memorandum In Opposition Of Defendant's Motion To Dismiss (Doc. #37).  On this record, however, no evidence suggests that plaintiffs' forgery allegation is frivolous or made in bad faith.  See Fed. R. Civ. P. 11 (court may sanction attorneys or parties who submit pleadings for improper purpose or contain frivolous arguments or arguments without evidentiary support).

all of defendant's arguments rely on evidence outside the complaint, the Court overrules defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Dismiss For Failure To State A Cause Of Action</u> (Doc. #35), filed August 7, 2020, is **OVERRULED.**

Dated this 11th day of January, 2021 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge